UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
Clerk's Office
USDC Mass
Date
By
Deputy Clerk

OWEN McCANTS,                )      CIVIL ACTION DOCKET
        Petitioner.          )      NO:_____
                             )
    Vs.                      )
                             )
MAURA A. HENNIGAN,           )
        Respondent.          )

---

## PETITIONER'S VERIFIED COMPLAINT

Respectfully Submitted By,

Owen McCants, Pro Se
2 Clark Street
P.O.Box 43
Norfolk, Mass. 02056

DATED: April 17th, 2012          Respectfully Submitted By,

*Owen McCants*
Owen McCants, Pro Se
2 Clark Street
P.O.Box 43
Norfolk, Mass. 02056

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

OWEN McCANTS,
    Petitioner.

Vs.

MAURA A. HENNIGAN, Esq.
    Respondent.

VERIFIED COMPLAINT FOR: (i) DECLARATORY RELIEF
AND (ii) TITLE 42 U.S.C. §1983 CIVIL RIGHTS
VIOLATIONS:

I. <u>INTRODUCTION</u>:

1. This instant action is brought against Respon-

dent Hennigan, Clerk/Magistrate of the Suffolk (County

Massachusetts) Superior Court, Criminal Session, for the

intentional deprivation and denial of the Petitioner's

First Amendment United States Constitution Rights of

Access to the Courts: to file, docket pleadings and to be

timely heard of said pleadings. All of which are obliga-

tory, i.e., non-discretionary, duties on the part of

Respondent Hennigan.

In addition, Respondent's egregious misconduct

is but a continuation of previous complained about — (1)

failures to either  properly assemble the lower  Superior

Court Trial record and transfer same to the reviewing
Appellate Court, and (2) ignored requested and entitled
to (case related) documents, and other clerical assistance —
throughout the history of the Petitioner's superior court case.

Hence, the Petitioner seeks a declaration
of law declaring the Respondent's duites with respect to:

(a) complying with the Petitioner's properly
and timely requested for (i) photocopies of case related
records documents and (ii) obligatory clerical assistance;

(b) properly and timely filing and docketing
the Petitioner's pleadings; and

(c) the Petitioner's rights to have his pleadings
duly filed, docketed, and transferred to the Appeals Court.

Futhermore, the Petitioner seeks damages and
costs of the prosecution of this case.

## II. JURISDICTION:

2. This United States District Court has lawful
jurisdiction over this complaint pursuant to Title 28 U.S.C.
§2201 and Title 42 U.S.C. §1983.

## III. THE PARTIES:

3. Petitioner is currently incarcerated at the
Massachusetts Correctional Institution Norfolk. 2 Clark
Street. P.O.Box 43. Norfolk, Mass. 02056.

4. The Respondent, Maura A. Hennigan, is and was
at all times relevant and mentioned herein this complaint
the lawful Clerk/Magistrate of the Massachusetts Superior
Court (Criminal Session) for the County of Suffolk, located
at Three Pemberton Square, Room 1403. Boston, Mass. 02108.

### IV. THE DECLARATION OF THE COLOR OF LAW

5. At all times relevant and mentioned herein
the Respondent Maura A. Hennigan, the Clerk/Magistrate, acted
under the Color of State Law. As such, Respondent Hennigan
is being sued in her:

i) Official Capacity for Declaration of Law
declaring her duties and obligations under State law to
file and docket the Petitioner's pleadings;

ii) Personal and Individual capacity for Damages
for the violations of the Petitioner's Federal United States
Constitution Rights — protected under the First and Four-
teenth Amenmdents, which is recoverable under the Civil
Rights Act of Title 42 U.S.C. §1983.

### V. REQUEST FOR JURY TRIAL:

6. The Petitioner request a jury trial on all of
the issues set forth herein this complaint.

-3-

## VI. A BRIEF STATEMENT OF THE FACTS:

7. Respondent in this case has continuously abridged and violated the Petitioner's First Amendment United States Constitution Rights to Access the Court: to file, docket, and to have hearings on his Postconviction Pleadings. For Instance,

i) On April 22, 2011, Petitioner filed a Motion for Court Order, w/ Exhibits, and Affidavit, seeking to have the Mass. State Superior Court compel the Respondent Hennigan to comply with Petitioner's earlier, ignored, request for a "copy" of the Commonwealth's Omnibus Opposition to his Postconviction pleadings for a New Trial (see Exhibit 1: BB — 6/20, 7/20, 8/20, 15/20 & 16/20)

ii) On May 3, 2011, Petitioner filed a Motion to Expand the Record to Include a Mass. Statutory Violation of the Mass. General Law Chapter 276, §§1, 2, 2A, 2B and 2C, (see Exhibit 2: DD — 6/17 — 14/17).

These pleadings do not show up on the Superior Court docket entry (See Exhibit 3: FF — 1/2: note omission

---

1/ See (cited) exhibits attached at end of this complaint; in a bound Record Appendix entitled "EXHIBITS."

-4-

between "Paper" nos. "137.0" and "139.0"). $\underline{2/}$

iii) On June 8th, 2011, Petitioner filed a
Motion Requesting a Hearing and Ruling of Law on his
[April 22, 2011] Motion for Court Order and [May 3, 2011]
Motion to Expand the Record to Include a Statutory Viola-
tion . . ." (see Exhibit 5: EE — 1/4 — 4/4).

This pleading, likewise, was not entered
onto the docket sheet as required/mandated by Mass. State
Statute Mass. General Law Chapter 221, Section (§) 2 (herein
after G.L.c. 221, §?) (see Exhibit 3: FF — 1/2: note this
omission between "Paper nos. "137.0" and "139.0").

8.  On October 31, 2011, after not receiving
any responses to his (i) April 22, 2011, Motion for Court
Order; (ii) May 3, 2011, Motion to Expand the Record to Include
a Statutory Violation; and (iii) June 8th, 2011, Motion
Requesting a Hearing and Ruling of Law on the preceding
motions, the Petitioner petitioned the Mass Appeals Court
for a copy of the documents via a Motion to Authorize the
Clerk of the Appeals Court to Extract From the Assembled
Record a copy of the documents and forward same to Petitioner
(see Exhibit 6: BB — 17/20 — 19/20).

---

$\underline{2/}$ Note that, a copy of said pleading was simultaneously
forwarded to the Massachusetts Appeals Court where at
presently Petitioner's Postconviction appeal is
pending (see Exhibit 4: P# 11).

9. On November 15, 2011, the Mass. Appeals Court
Single Justice entered an Order in response to the
Petitioner's October 31, 2011, Motion for an Order
Authorizing the Appeals Court's Clerk to forward him a copy
of the document cited in ¶ 8 of this complaint on p. 5.

The Single Justice denied Petitioner's Motion with-
out prejudice, subject to refiling in the lower Superior
Court with Respondent Hennigan (see Exhibit 7: BB — 20/20).

10. On November 23, 2011, per the Appeals Court's
November 15, 2011, response/directive (Exhibit BB — 20/20),
Petitioner promptly filed a Motion for a Court Order to
Issue a Court Order compelling Respondent Hennigan to
provide him with the requested document cited in "exhibit
1: BB — 7/20 —— 8/20" (see Exhibit 8: BB —— 1/20 —— 5a/
20).

This pleading was not entered onto the Superior Court
docket entry as required/mandated by Statute G.L. c. 221,
§ 2 (see Exhibit 3: FF — 2/2: note omission between "Paper"
nos. "140.0" and "142.0").

11. Re Petitioner's February 3, 2012, Motion to Correct
Omissions (see Exhibit 9: DD — 1/17 —— 3/17), he received
an Appeals Court docket entry discovering that the Respondent
Hennigan had not transferred a complete copy of the trial

-6-

court record to the Appeals Court in accordance with the
mandate of the Massachusetts Rules of Appellate Procedures
rule 8(e) (herein after Mass. R. App. P., Rule 7): This in
response to Respondent Hennigan's failure to properly and
timely transfer a "certified" copy of the Petitioner's (May
3, 2012) "Motion to Expand the Record to Include a Statutory
Violation" to the Appeals Court as part and parcel of the
Postconviction record for review — in accordance with Mass.
R. App. P., Rule 8(e) (see Exhibit 3: FF — 1/2, and as
denoted at ¶ 7, ii) of this petition).

12. On February 9, 2012, the Mass. Appeals Court
responded to the Petitioner's (aboved-mentioned) "February
3rd, 2012," Motion to Correct Omissions From the Record
accordingly: "RE: 23: Denied without prejudice to refiling
in the trial court" (see Exhibit 9: DD — 17/17).

13. On February 17, 2012, per the Appeals Court's
February 9th, 2012, Order to Refile (re pleadings cited in
¶¶ 10 — 11 of this petition) the (February 3rd 2012) Motion
in the lower Superior Court with Respondent Hennigan, the
Petitioner filed a "Motion to Correct Omissions From (Superior
Court) Case Record — Per Mass. R. App. P., Rule 8(e)" (see
Exhibit 10: Pp. 1 — 6).

14. The Respondent Hennigan's actions has deprived the
Petitioner of his First Amendment United States Constitution

Right of Access to the Courts. And has deprived and denied
Petitioner his Fourteenth Amendment United States Con-
stitution. Rights to:

i) Equal Treatment and Protection of the law—
"14th Amend. §1";

ii) Substantive and Procedural Due Process of Law
with regards to the Repsondent's duties proscribed by law
set forth in ¶¶19-20 of this complaint.

15.   Respondent Hennigan's conduct has
directly impacted and hindered Petitioner in presenting
the Appeals Court meritorious appealable errors of law.

16. Respondent Hennigan's actions are in
violations of the Applicable laws set forth in §VII of
this complaint, and resulted in the Petitioner being deprived
of his First Amendment U.S.C. right of Access to the Courts.

17. Respondents Hennigan's actions are in
violations of the Applicable laws set forth in §VII of
this complaint, and resulted in the Petitioner being deprived
of his Fourteenth Amendment U.S.C. right of Substantive and
Procedural Due Process of Law.

18. Respondent Hennigan's actions are in violation
of the Applicable laws set forth in §VII of this complaint,
and resulted in the Petitioner being deprived of his Fourteenth
Amendment U.S.C. right to Equal Treatment and Protection of
the law.

VII. <u>RESPONDENT'S DUTIES UNDER STATE LAW:</u>

19. The following didactic directives denotes the fiduciary duties and necessary adherence to protocol — i. e., delineating specific obligatory procedures, performance, and mandatory status quo courses of action — on the part of Respondent Hennigan:

(i). Mass.  R. App. P., Rule 4(b) — Appeals in Criminal Cases.

"In criminal cases, unless otherwise provided by statue or court rule, the notice of appeal required by Rule 3 shall be filed with the clerk of the lower court within thirty days after entry of the judgment or order appealed from; or entry of a notice of appeal by the Commonwealth; or the imposition of sentence."

Accordingly, the Respondent has a legal duty to properly and timely file and docket the pleadings at issue.

(ii). Mass. Gen. Law Ch. 221, § 2 — Duties.

"The clerk shall attend all sessions of the court, preserve all files and papers thereof, keep a docket record of all questions transferred, and of all petitions, complaints of or other processes presented to the court, and enter thereon the names of the parties in full and of the counsel who appear in their behalf, and a brief description of the nature of the action or proceeding; ... ."

Accordingly, the Respondent has a legal duty to properly maintain, file, docket, and to transfer to the Appeals Court all received pleadings constituing the case record.

(iii). Mass. R. App. P., Rule 8(a) — Composition of the Record on Appeal.

"The original papers and exhibits on file, the transcript of the proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court shall constitute the record on appeal in all cases."

Accordingly, the Respondent has a legal duty to include in the record transferred to the Appeals Court the pleadings at issue.

(iv). Mass. R. App. P., Rule 8(e) — Correction or Modification of the Record.

-9-

"If any difference arises as to whether the record truly
discloses what occurred in the lower court, the difference
shall be submitted to and settled by that court and the record
made to conform to the truth. If anything material to either
party is omitted from the record by error or accident or is
misstated therein, the parties by stipulation, or the lower
court, either before or after the record is transmitted to the
appellate court, or a single justice, on proper suggestion or
on its own motion, may direct that the omission or misstate-
ment be corrected, and if necessary that the supplemental
record be certified and transmitted. All other questions as
to the form and content of the record shall be presented to a
single justice."

Accordingly, the Respondent has a legal duty to comply
with the Petitioner's motion request: "to correct omissions
from the record" via including the denoted omitted pleadings
from the case record transmitted to the Appeals Court.

(v). Mass. R. App. P., Rule 9(a) — Assembly and
Transmission of the Record: Exhibits.

"The clerk of the lower court as soon as may be after the
filing of the notice of appeal shall place together all of the
original papers including the exhibits filed in the lower
court, together with such other papers as thereafter becomes
a part of the record pursuant to Rule 8. The papers shall be
numbered in the order of filing and the exhibits shall be
plainly marked with the number assigned in the lower court
preceded by the letters 'exh.' The clerk shall append to the
record a list of the documents correspondingly numbered and
identified with reasonable definiteness. The record so
assembled by the clerk shall be suitably spindled; bound, or
tied and retained by the clerk in this form until the final
disposition of the appeal, except as the record or any part
of it is so ordered to be transmitted by the appellate court
or a single justice."

Accordingly, the Respondent has a legal duty to have
also transmitted the pleadings at issue to the Appeals Court
— as material documents part and parcel of the case record.

(vi). Mass. Gen. Law Ch. 231, §113 — Appeal From
Final Judgment of Superior Court.

"A party aggrieved by a final judgment of the superior
court, .... may appeal thereform to the appeals court or,
subject to the provisions of section ten of chapter two
hundred and eleven A, to full court of the supreme judicial
court."

20. In addition, note Supreme Judicial Court Rule 3:12 — Code of Professional Responsibility for Clerks of the Courts. Notably:

(i) Canon 2 — <u>Compliance with Statutes and Rules of Court</u>.

" A Clerk–Magistrate shall comply with the laws of the Commonwealth, rules of court, and lawful directives of the several judicial authorities of the Commonwealth. The word 'judicial authorities' in this code, unless otherwise expressly provided, shall mean the justices of the Supreme Judicial Court and Appeals Court, the Chief Administrative Justice of the Trial Court, the Administrative Justices of the several Departments of the Trial Court, or Associate Justices of the Trial court, as is appropriate under the circumstances."

(ii) Canon 3 — <u>Performance of Duties</u>.

(A) Adjudicative and Administrative Responsibil-

ities.

(4) "A Clerk–Magistrate shall accord to every person who is legally so entitled the right to be heard in a proceeding in person or through his or her lawyer.

(5) A Clerk–Magistrate should diligently carry out her responsibilities and should dispose of them promptly.

(iii) Canon 4 — <u>Impartiality</u>.

(A) A Clerk–Magistrate shall perform the duties of Clerk–Magistrate and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judicial branch of the government."

## VIII . <u>LEGAL CLAIMS FOR RELIEF</u>:

### COUNT I.

<u>Request For A Binding Declaration Of Law Pursuant To Title 28 U.S.C. §§2201 And 2202</u>:

21. The Petitioner hereby re-affirms and re-alleges the averments set forth in paragraphs nos. 5 through 13 of this petition and hereby make these paragraphs a part of Count I,.

and incorporate them by reference herein. Accordingly, the Petitioner request this Federal United States District Court to enter a binding declaration of law declaring:

(i) Whether the Repsondent has a duty under Mass. State Law to properly and timely file and docket the Petitioner's pleading as prescribed in §VII of this complaint at pp.9-11; ¶¶19-20(iii)?

ii) If the answer is yes, then, declare whether or not the Respondent has violated her duties with regards to averments set forth in ¶¶5-13 of this complaint.

### COUNT II.

22. The Petitioner hereby re-affirms and re-alleges the averments set forth in ¶¶5-13 of this complaint and hereby make these paragraphs part of Count II, and incorporate them by reference herein. Accordingly, the Petitioner request that this Federal District Court enter a binding declaration of law declaring:

(i) Whether the Respondent Hennigan's misconduct set forth in ¶¶5-13 of this complaint violates Petitioner's First Amendment United States Constitution Right of Access to the Court;

(ii) Whether the Respondent Hennigan's misconduct set forth in ¶¶5-13 and her lawful duties set forth in ¶¶19-20(iii) of this complaint constitute voilations of the

-12-

Petitioner's substantive and procedural due process of law rights under the Fourteenth Amendment United States Constitution?

 ii) Whether the Respondent Hennigan's misconduct set forth in ¶¶5-13 deprived and denied the Petitioner of his Fourteenth Amendment United States Constitution Right to Equal Treatment and Protection of the Law?

IX. <u>PRAYERS FOR RELIEFS:</u>

 23. The Petitioner hereby request that this United States District Court Enters the following requested reliefs:

 i) Enter a binding declaration of law — in accordance with the provisions allowed for under Title 28 U.S.C. §2201, as requested in Counts I and II of this Complaint, cited in §VIII, pp.11-13 at ¶¶21-22;

 ii) Award the Petitioner damages consisting of:

 a) Compensatory;   b) Nominal; and c) Punitive — which are to be determined by a jury trial, or judge trial;

 iii) Award the Petitioner all costs to prosecute this case, including filing fees and services of process;

 iv) Award the Petitioner Attorney's fees;

 v)  Award the Petitioner any and all other reliefs that this Court deems fit and proper;

 vi) Allow for the Petitioner to amend this complaint should the need occur pursuant to Fed.R.Civ.P., Rule 15, et. seq;

-13-

vii) Enter Injunctive Relief: (a) Prohibiting and compelling Respondent Hennigan from engaging in any future misconduct; and (b) Order Respondent Hennigan to direct her subordinate clerk staff to refrain from any future misconduct consisting of non-compliance with statutory and court rules mandates.

### X.. VERIFIED SWORN TO VERIFICATION OF THE COMPLAINT'S TRUTHFULNESS:

24. The Petitioner, Owen McCants, hereby certify, under the pains and penalties of perjury, pursuant to Title 28 U.S.C. §1746, that all of the averments contained herein are truthful to the best of his knowledge and belief, and that this claim is made in good faith.

Accordingly, the Petitioner hereby signs this Verified Complaint this _17th_ day of April / 2012.

_Owen Mc Cants_
Owen McCants
2 Clark Street
P.O. Box 43
Norfolk,  MA   02056

The Commonwealth of Massachusetts

On this ___ day of _____ 20__
before me, the undersigned notary public, personally appeared
_____
proved to me through satisfactory evidence of identification, which were _____
To be the person whose name is signed on the preceding or attached document who swore
or affirmed to me that the contents of the document are truthful and accurate to the best of
his/her knowledge and belief.

_____, Notary Public.
My Commission Expires December 27, 2013

-14-