UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
OWEN McCANTS,                        )
                                     )
       Plaintiffs,                   )
                                     )
v.                                   )      Civil Action No. 12-10738-LTS
                                     )
MAURA HENNIGAN,                      )
                                     )
       Defendant.                    )
_____)

ORDER ON DEFENDANT'S MOTION TO DISMISS

May 16, 2013

SOROKIN, C.M.J.

Pending is the Defendant's Motion pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to Dismiss the Plaintiff's Amended Complaint. Docket # 19. For the following reasons, the motion is ALLOWED.

I.     FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff, Owen McCants, is incarcerated at MCI Norfolk.[1] Docket # 9 at ¶ 7. Defendant Maura Hennigan is Clerk of the Superior Court for Suffolk County, Massachusetts for criminal matters. Id. at ¶ 9. McCants purports to sue Hennigan in both her official and individual capacities pursuant to 42 U.S.C. ¶ 1983, for violations of his rights guaranteed to him

---

[1] In keeping with the standard of review applicable to Rule 12 motions, each of the allegations of the Plaintiff's Complaint is recited as if true.

1

under the First and Fourteenth Amendments to the U.S. Constitution.  Id.

In particular, McCants alleges that Hennigan has hindered his access to the Courts in the course of state-court proceedings related to post-conviction relief.  Id. at ¶ 10.  Various pleadings filed by McCants do not appear on the docket.  Id. at ¶¶ 10-15.  In Count I, McCants seeks declaratory relief directing Hennigan to comply with her duty under state law to properly and timely file and docket McCants's pleadings, and declaring that she has violated that duty in the past instances enumerated in the Complaint.  Id. at ¶ 27.  Count II seeks declaratory relief to the effect that by her acts or omissions, Hennigan has violated McCants's First Amendment right of access to the Courts as well as his substantive and procedural due process rights under the Fourteenth Amendment, as well as money damages.  Id. at ¶ 28-29.

Hennigan has moved to dismiss the Complaint, asserting both a lack of jurisdiction and quasi-judicial immunity.  Docket # 19.

Hennigan first asserts that the Court lacks jurisdiction over the Complaint because various exhibits attached to the Complaint by McCants demonstrate that the Complaint presents no live controversy.  Docket # 20 at 4-5.  "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).  "[T]he phrase 'case of actual controversy' in the Declaratory Judgment Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007).  The case-or-controversy requirement "must be satisfied at each and every stage of the litigation." Cruz v. Farquharson, 252 F.3d 530, 533 (1st Cir.2001).  "When 'subsequent events

ma[ke] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur,' there is no live controversy to review," and the case is moot. Camreta v. Greene, ––– U.S. ––––, 131 S.Ct. 2020, 2034 (2011) (quoting United States v. Concentrated Phosphate Export Assn., Inc., 393 U.S. 199, 203 (1968)).

      An exhibit attached to the Amended Complaint itself indicates that each of the pleadings Hennigan is allegedly to have failed to docket had in fact been docketed prior to McCants's filing of the Amended Complaint. See Docket # 9, Exhibit L (letter from Assistant Attorney General Natalie S. Monroe to the Clerk of the Supreme Judicial Court delineating where each pleading McCants expresses concern about appears on the Superior Court's docket). Although McCants's exhibit does not include the Superior Court docket sheet referenced within the letter, this information is publicly available and susceptible to judicial notice. Examination of the publicly-available docket confirms the accuracy of Monroe's representations in McCants's exhibit.[2]

      A second jurisdictional bar to the prosecution of this case asserted by Hennigan is that federal courts have long recognized the "fundamental policy against federal interference with state criminal proceedings." Younger v. Harris, 401 U.S. 37, 46 (1971). Under the Younger doctrine of abstention, federal courts "abstain from interfering with state court proceedings even where defendants claim violations of important federal rights." In re Justices of Superior Court

---

[2] The consideration of evidence attached to the Amended Complaint does not require conversion of the Rule 12 motion into a Rule 56 Motion for Summary Judgment. In considering a Rule 12 motion, the Court may properly consider not only the Complaint, but also the "facts extractable from documentation annexed to or incorporated by reference in the complaint and matters susceptible to judicial notice." Rederford v. US Airways, Inc., 586 F.Supp.2d 47, 50-51 (1st Cir.2008) (quoting Jorge v. Rumsfeld, 404 F.3d 556, 559 (1st Cir.2005)).

Dept. of Massachusetts Trial Court, 218 F.3d 11, 17 (1st Cir.2000).  Younger doctrine is implicated where the federal claims can be "raised and resolved somewhere in the state process," Maymó–Meléndez v. Alvarez–Ramírez, 364 F.3d 27, 36 (1st Cir.2004).

Hennigan notes that exhibits attached to the McCants's Amended Complaint demonstrate that he has raised the same issues asserted therein before a Single Justice of the Massachusetts Supreme Judicial Court (who denied his request as moot on the basis of the Superior Court docket entries cited, supra), and that that challenge remains pending before the full panel of the Supreme Judicial Court.  Docket # 20 at 5-6 (citing Docket # 9, Ex. N-O).  McCants's opposition to Hennigan's motion (filed May 1, 2013) indicates that his appeal to the full panel of the SJC remains pending.  Docket # 26 at 5.

Accordingly, the Court lacks jurisdiction over McCants's Amended Complaint, both because there appears to be no live controversy and because the Amended Complaint implicates Younger abstention doctrine in that the Amended Complaint asks this Court to intervene in a pending state criminal proceeding concerning issues capable of being raised and resolved in the context of pending state proceedings.[3]

---

[3] In light of the Court's finding that it lacks jurisdiction over the Amended Complaint, it need not consider Hennigan's additional assertion that the Amended Complaint fails to state a claim upon relief may be granted because Hennigan enjoys a quasi-judicial immunity.

The Defendant's Motion to Dismiss (Docket # 19) is ALLOWED and the Amended Complaint is hereby DISMISSED.

SO ORDERED.

    /s / Leo T. Sorokin
Leo T. Sorokin
Chief United States Magistrate Judge